UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH W. WALKER, )<br>)<br>Plaintiff, )<br>vs.  )<br>)<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br> of the Social Security Administration, )<br>)<br>Defendant. ) | 1:09-cv-00231-SEB-DML |

**Entry Discussing Complaint for Judicial Review**

Kenneth W. Walker ("Walker") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I. Background**

Walker filed applications for DIB and SSI on December 6, 2005, alleging an onset date of disability of August 6, 2005. His applications were denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted and a hearing was conducted on September 3, 2008. Walker appeared, accompanied by his attorney. Medical and other records were introduced into evidence. Walker and a vocational expert testified at the hearing. The ALJ issued a decision denying benefits on September 30, 2008. On January 8, 2009, the Appeals Council denied Walker's request for review, making the ALJ's decision final. *See Getch v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2008). This action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Walker met the insured status requirements of the Act through December 31, 2010; (2) Walker had not engaged in substantial gainful activity since August 6, 2005, the alleged onset date; (3) Walker had "severe" impairments consisting of status post fusion in the cervical spine and degenerative disc disease of the lumbar spine; (4) Walker did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Walker had the residual functional capacity ("RFC") to perform the following range of work: lifting or carrying 10 pounds frequently; lifting or carrying 20 pounds occasionally; standing and walking 6 hours a day off and on at intervals of one hour, and sitting for 6 hours at intervals of 1 hour; occasionally stooping, balancing, crouching, crawling, kneeling and climbing stairs and ramps; he was not capable of climbing ropes, ladders and scaffolds and should not work around workplace hazards such as unprotected heights and unguarded moving machinery; and he was not capable of engaging in work that would require repetitive twisting of the neck; and (6) Walker was capable of performing his past relevant work. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Walker had not been under a disability as defined in the Act from August 6, 2005, through the date of the ALJ's decision.

## II. Discussion
### A. Applicable Law

To be eligible for DIB and SSI, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005).

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920. A finding of disability requires an affirmative answer at either step three or step five.

*Id*. The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner. *Id.* at 352.

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision is supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.   Analysis

In this case, the ALJ determined that Walker had severe impairments consisting of status post fusion in the cervical spine and degenerative disc disease of the lumbar spine, but that he could perform his past relevant work. Walker contends that the ALJ's decision is not supported by substantial evidence.

Walker first argues that the ALJ failed to recontact a treating physician, Dr. Mimms, for elaboration on the limitations Dr. Mimms placed on Walker. Dr. Mimms completed a Physical Residual Functional Capacity Assessment dated August 19, 2008, which indicated that Walker could sit, stand and walk each for one hour continuously. (R. at 199). In referencing this opinion, the ALJ stated that "[a]lthough the claimant's representative argued that Dr. Mimms' limitation to standing, sitting and walking at 1 hour intervals equated to a total of standing, sitting and walking a total of 3 hours, this is not what is on the form." (R. at 22, citing R. at 199). Walker asserts in his brief that "[i]f there was a dispute regarding the RFC assigned by Dr. Mimms, the ALJ had a duty to recontact the doctor for clarification as to his intentions in completing the form." (Plaintiff's Brief at p. 6).

The Commissioner is persuasive in his response that there was no "dispute" as to the August 2008 opinion of Dr. Mimms. The ALJ accepted Dr. Mimms' opinion that Walker could not sit, stand or walk for more than one hour at a time. Dr. Mimms did not complete the section on the form that asked how many total hours in an eight hour day Walker could work. (R. at 199). The ALJ did not find that the evidence submitted by Dr. Mimms was inadequate for the ALJ to determine whether Walker was disabled. *See* 20 C.F.R. §§ 404.1512(e), 416.912(e) ("When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision."). The Commissioner also points out that if Walker believed that the report of Dr. Mimms was not clear, he could have obtained a follow-up statement from the physician. *See Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007) ("a claimant represented by counsel is presumed to have made his best case before the ALJ").

Walker also argues that the ALJ erred in stating that "no treating source has assessed the claimant as disabled." (R. at 22). Walker asserts that the ALJ ignored Dr. Mimms' January 2007 statement that "this pt is unable to work in the foreseeable future given his back pain, and wt lifting restrictions." (R. at 183A). The notation was written on a prescription pad, addressed "to whom it may concern." *Id.* It is true that the ALJ failed to discuss this statement.

3

The ALJ incorporated into his RFC determination weight restrictions that were consistent with those listed by Dr. Mimms in his August 2008 Physical Residual Functional Capacity Assessment. (R. at 19, 199). Moreover, it is well-established that the ultimate determination as to a claimant's disability is reserved to the Commissioner and that a treating physician's statement that a claimant is disabled or unable to work is not conclusive. *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000) ("A claimant, however, is not entitled to disability benefits simply because a physician finds that the claimant is 'disabled' or 'unable to work.'"); 20 C.F.R. §§ 404.1527(e) and 416.927(e) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). The ALJ also noted that Dr. Mimms' progress notes indicated in 2006 and 2007 that Walker's pain was well managed with exercise, stimulation treatments, medications and epidural steroid injections. (R. at 21, citing R. at 184-91, 209-10, 237). Although the statement that Walker was "unable to work in the foreseeable future given his back pain, and wt lifting restrictions" should have been acknowledged and discussed by the ALJ, the court does not find this misstatement of the record to constitute reversible error. A finding by Dr. Mimms that Walker was "disabled" would not have been binding on the ALJ, and the weight restrictions were accommodated by the ALJ. For these reasons, the ALJ's failure to acknowledge this single-sentence opinion is harmless error.

Next, Walker argues that the ALJ erred in determining that Walker could stand and walk 6 hours a day off and on at intervals of one hour. (R. at 19). Walker asserts that, contrary to the ALJ's stated reasoning, the ALJ's RFC assessment was not consistent with the State Agency reviewing physicians. The State Agency reviewers indicated that Walker could stand and/or walk for a total of 2 hours in an 8-hour workday and could sit for a total of 6 hours in an 8-hour workday. (R. at 118). By stating that his RFC conclusion was "consistent with" the assessment of the State Agency physicians, the ALJ was not required to mirror or adopt in its entirety that assessment. (R. at 22). The ALJ explained that he gave the most probative weight to opinions of treating physicians Dr. James and Dr. Mimms. *Id.* In December 2005, Dr. James released Walker to work with a 20 pound weight lifting restriction. (R. at 20). A month later, Dr. James released Walker to work with no restrictions. *Id.* The ALJ also noted that Walker testified that his doctors encouraged him to walk as much as possible. (R. at 22). In addition, the ALJ included restrictions in his RFC determination that were not contained in the State Agency opinion, including the ALJ's finding that Walker should be limited to work that did not require repeated twisting of his neck and that Walker should stand, walk and sit at only one hour intervals. (R. at 19, 117-24). The ALJ also included State Agency postural limitations such as occasional stooping, balancing, crouching, crawling, kneeling and climbing stairs and ramps and no climbing ropes, ladders and scaffolds or work around workplace hazards such as unprotected heights and unguarded moving machinery. (R. at 19, 119, 121). The ALJ did not err in reasoning that his RFC determination was consistent with the State Agency assessment. (R. at 22). *See Schmidt v. Astrue,* 496 F.3d 833, 845 (7th Cir. 2007) ("an ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions any [sic] of the claimant's physicians.").

4

Next, Walker argues that the ALJ's reasoning, as follows, was improper:

> The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. After the claimant's cervical fusion surgery necessitated by the MVA ["motor vehicle accident"], the claimant has essentially been treated conservatively with pain medications and occasional epidural steroid injections.

(R. at 21-22).

Walker contends that this statement indicates that the ALJ was playing doctor, determining on his own what treatment should have been provided to support a finding of disability. Walker also asserts that an ALJ must ask for an explanation before he may draw any inferences about a claimant's condition due to a gap in treatment or failure to follow prescribed treatment. The court agrees with the general legal principles upon which Walker bases his argument, but does not find that the ALJ violated those principles in this case. First, the ALJ did not draw any conclusion based on a gap in treatment or failure to follow prescribed treatment. Second, as part of the ALJ's credibility assessment, he noted that Walker's treatment had been conservative, consisting of pain medications and occasional epidural steroid injections. This determination was appropriate and based on substantial evidence. The ALJ did not "play doctor" or improperly evaluate the nature of Walker's treatment. The Seventh Circuit rejected this same argument when an ALJ concluded that a claimant's course of treatment, including various pain medications, several injections, and one physical therapy session, was "relatively conservative." *Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) (an ALJ is permitted to consider a claimant's treatment history and the court gives deference to an ALJ's factual determinations and would not question the ALJ's finding that a claimant's treatment was "relatively conservative"). Walker's treatment history can reasonably be described as relatively conservative and such history is a factor to be weighed in considering his credibility.

Walker does not challenge any other aspect of the ALJ's credibility determination. A reviewing court affords a credibility finding "'considerable deference,' and [will] overturn it only if 'patently wrong.'" *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quoting *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004)). The court "will uphold an ALJ's credibility determination if the ALJ gave specific reasons for the finding that are supported by substantial evidence." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). The court does not find that the ALJ's analysis was patently wrong, and therefore, must affirm the ALJ's credibility determination.

Walker's final argument is that the ALJ erred by failing to discern the specific functions of Walker's past relevant work before concluding that Walker could perform that work. As noted above, Walker bears the burden of establishing that he is unable to return to his past relevant work.

Pursuant to applicable regulations, a claimant will be found to be "not disabled" at step four of the analysis if he retains the RFC to perform his past work either as it is generally performed in the national economy or as he actually performed it. 20 C.F.R. §§ 404.1560(b)(2); 416.960(b)(2) ("a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy."); Social Security Ruling ("SSR") 96-8P, 1996 WL 374184 at *4 (July 2, 1996) ("When it is found that an individual cannot do past relevant work as he or she actually performed it, the adjudicator must consider whether the individual can do the work as it is generally performed in the national economy.").

The Commissioner concedes that in this case the ALJ erred to the extent he stated that the vocational expert testified that Walker could perform his past relevant jobs *as he performed them*. (R. at 22). The vocational expert did not testify specifically about how Walker performed certain jobs. Rather, the vocational expert responded to the ALJ's hypothetical question which included the elements of the ALJ's RFC determination and testified that Walker could return to the job of convenience store manager or convenience store cashier. (R. at 22, 266-67). The vocational expert relied on information contained in the Dictionary of Occupational Titles ("DOT") when testifying about the requirements of Walker's past jobs as generally performed. *Id.; See* SSR 82-61 (1980) ("The Dictionary of Occupational Titles (DOT) descriptions can be relied upon  - - for jobs that are listed in the DOT - - to define the job as it is *usually* performed in the national economy.") (emphasis in original). Walker has not met his burden of establishing that he was unable to perform his past relevant work as a convenience store cashier and convenience store manager. Because the testimony of the vocational expert constitutes substantial evidence as to Walker's ability to perform certain past relevant jobs as those jobs are generally performed, there was no reversible error at step four.

"An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." *Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007). In this case, the ALJ sufficiently articulated his assessment of the evidence to enable the court to "trace the path of [his] reasoning." *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (internal quotation omitted). Accordingly, because substantial evidence supports the ALJ's evaluation of Walker's impairments and the decision contains no reversible legal error, the ALJ's decision must be affirmed.

### III.  Conclusion

There was no reversible error in the assessment of Walker's applications for DIB and SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. Under these circumstances, Walker is not entitled to relief in this action. The Commissioner's decision is affirmed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date:   03/24/2010